# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| WEBSTER BOOKER, ET AL. | CIVIL ACTION NO. 16-1604 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TODD S. JOHNS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is an appeal by Appellants, Webster Booker and Lillie Booker ("the Bookers") of the bankruptcy court's finding of the absence of good faith on the part of the Bookers in submitting their Chapter 13 plan. See Record Document 2-2 at 11; see Record Document 3 at 26. For the reasons contained in the instant Memorandum Ruling, the bankruptcy court's ruling is **AFFIRMED**.

## I. BACKGROUND

The facts of this case are not in dispute. On June 2, 2016, Debtors, the Bookers, jointly filed for bankruptcy relief under Chapter 13 of the United States Bankruptcy Code. See Record Document 2-1 at 1-65 (Chapter 13 Voluntary Petition). At the time of filing, the Bookers earned a below median income. Further, at the time of filing the Bookers owned two vehicles, a 2012 Ford F-150 Truck and a 2014 Dodge Charger. See id. at 19. Both vehicle payments were in default and the Bookers were indebted on three other secured obligations. First Heritage Credit ("First Heritage") was secured by a Yardman riding lawnmower, a 52" Zenith flat screen TV, a 36" Sharp flat screen TV, a 28" Sharp TV, a 1998 Procraft Boat ("the boat"), a 1998 Force 90 Motor, 1998 Motorguide Trolling motor and a trailer. See id. at 18. First Heritage filed a proof of claim as secured for $3,100.00 with the remaining balance of $839.89 as unsecured. Ivan Smith Furniture was secured by living room furniture with a remaining balance of $2,290.12 which was to be

paid in full in the Chapter 13 plan. Preferred Credit Inc. was secured by a Kirby vacuum cleaner which debtors surrendered in the confirmed plan.

The Bookers' initial Chapter 13 plan provided for 58 monthly plan payments of $1,200.00 with a proposed $600.00, or 4%, distribution to unsecured creditors. See id. at 68-71 (Initial Chapter 13 Plan). This plan called for repayment of several secured claims. See id. at 69. The Bookers proposed to pay First Heritage for the boat, the TVs, and a firearm. See id. The plan also proposed to pay Ivan Smith Furniture for living room furniture. See id. at 70. The last secured claims listed in the plan were two debts with State Farm Bank that secured the vehicles. See id. Finally, the plan proposed to pay for attorney fees of $2,800.00. See id. at 71.

On June 22, 2016, First Heritage filed an objection to this proposed plan, which asserted it was owed $3,939.89 and that the collateral securing the loan was worth more than the debt. See id. at 108 (Objection to Initial Confirmation Plan). In response to this objection, the Bookers filed an amended plan on August 12, 2016, which increased the term to 59 months and increased the value of the collateral of First Heritage as per an agreement to $3,100.00. See id. at 119 (Amended Chapter 13 Plan). This sum was to be paid with interest through Trustee distributions. See id. This second plan continued to propose a dividend of $600.00 to the unsecured creditors but was also over-funded and as reflected by the plan Summary $1,284.54 was available to pay unsecured creditors. See id. at 122. No objections were filed to this plan, and the Trustee submitted to the bankruptcy court an order of confirmation, to which no interested party filed an objection. On August 31, 2016, the bankruptcy court denied confirmation and set the matter for hearing on September 28, 2016 "regarding retention of the 1988 Procraft boat, in a 4%

plan." See id. at 130 (Order Denying Amended Plan); see Record Document 3 at 2 (Hearing Transcript).

At the hearing on September 28, 2016, the bankruptcy court indicated that the retention of the boat in this case raised an issue of good faith. See Record Document 3 at 3. After the bankruptcy court's announcement, the Bookers testified. At the conclusion of the hearing, the representative for the Trustee, Daven Hill, advised the bankruptcy court that she did not oppose the confirmation of the plan and did not have an issue with good faith based upon the facts elicited through testimony, as well as the age and condition of the boat. See id. at 24. The bankruptcy court issued findings of fact and conclusions of law holding that the plan was not proposed in good faith and denied the confirmation of the Bookers' amended Chapter 13 plan. See id. at 25-27.

On October 12, 2016, the Bookers filed another amended plan proposing to surrender all collateral to First Heritage, including the boat. See Record Document 2-2 at 35 (Second Amended Chapter 13 Plan). The Trustee objected to the plan on a ground unrelated to good faith. See id. at 58 (Objection to Second Amended Chapter 13 Plan). Following the Trustee's objection, on November 3, 2016, the Bookers proposed a third amended plan, which also proposed to surrender all collateral to First Heritage. See id. at 59 (Third Amended Chapter 13 Plan). On November 10, 2016, the bankruptcy court entered an order confirming the Bookers' third amended Chapter 13 plan. See id. at 69 (Order Confirming Chapter 13 Plan). The Bookers then filed the instant appeal of the bankruptcy court's order denying confirmation of the first amended Chapter 13 Plan and the order confirming Chapter 13 Plan. See Record Document 2-2 at 11; see Record Document 2-2 at 69.

## II. LAW AND ANALYSIS

### A. Jurisdiction and Standard of Review.

This Court has jurisdiction over the Bookers' appeal from the bankruptcy court's order pursuant to 28 U.S.C. § 158(a). In reviewing a decision of the bankruptcy court, this Court functions as an appellate court and applies the standards of review generally applied in a federal court of appeals. See Matter of Webb, 954 F.2d 1102, 1103-04 (5th Cir. 1992). Conclusions of law are reviewed *de novo.* See Matter of Herby's Foods, Inc., 2 F.3d 128, 131 (5th Cir. 1993). Findings of fact are not to be set aside unless clearly erroneous. See id. at 130-31. "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." Matter of Missionary Baptist Foundation of America, 712 F.2d 206, 209 (5th Cir. 1983). Thus, appellate courts will sustain a bankruptcy court's factual findings "absent a firm and definite conviction that the bankruptcy court made a mistake." In re Ragos, 700 F.3d 220, 222 (5th Cir. 2012) (citation omitted).

As applied to the instant matter, "a factual finding that a [bankruptcy] petition was not filed [or a plan was not proposed] in good faith is subject to the clearly erroneous standard of review. If this finding is based on an incorrect statement of law, however, [the] review [is] *de novo.*" Matter of Elmwood Dev. Co. v. Gen. Elec. Pension Trust, 964 F.2d 508, 510 (5th Cir. 1992); see also In re Ragos, 700 F.3d at 222 (stating that "[a] bankruptcy court's determination that a debtor has [or has not] acted in bad faith is a finding of fact reviewed for clear error.").

The Bookers argue that the *de novo* standard of review applies because the bankruptcy court used an incorrect legal standard, did not correctly apply the totality of circumstances test enumerated by the Fifth Circuit, and used an incorrect *per se* approach to deny their plan. See Record Document 7 at 8 (Appellants' Brief). These issues raised by the Bookers on appeal will be addressed *infra*.

**B.     Good Faith Pursuant to 11 U.S.C. § 1325(a)(3).**

In the present action, the central issue before the Court concerns the bankruptcy court's finding that the Bookers did not in good faith propose the first amended Chapter 13 plan. "Good faith is a term incapable of precise definition, and, therefore, the good faith inquiry is a fact intensive determination better left to the discretion of the bankruptcy court." Matter of Love, 957 F.2d 1350, 1355 (7th Cir. 1992). The Fifth Circuit utilizes a totality of circumstances test to determine whether a Chapter 13 plan has been proposed in good faith, as required by 11 U.S.C. § 1325(a)(3).[1] See In re Stanley, 224 F. App'x 343, 346 (5th Cir. 2007). Under this test, courts considers such factors as:

> (1) the reasonableness of the proposed repayment plan; (2) whether the plan shows an attempt to abuse the spirit of the bankruptcy code; (3) whether the debtor genuinely intends to effectuate the plan; (4) whether there is any evidence of misrepresentation, unfair manipulation, or other inequities; (5) whether the filing of the case was part of an underlying scheme of fraud with an intent not to pay; (6) whether the plan reflects the debtor's ability to pay; and (7) whether a creditor has objected to the plan.

Id. at 346 (internal citations omitted). "In applying this test, the bankruptcy court exacts an examination of all of the facts in order to determine the bona fides of the debtor." Id. (internal citations omitted).

---

[1] Section 1325(a)(3) of the Bankruptcy Code states that "the court shall confirm a plan if . . . the plan has been proposed in good faith and not by any means forbidden by law."

### i. Whether the Bankruptcy Court Applied the Correct Legal Standard.

In the present action, the Bookers argue that economic considerations—how much the Bookers were proposing to pay, how much the Bookers were able to pay, what percentage of claims would be paid through the plan—that were emphasized in prior good faith decisions should no longer be considered in determining good faith. See Record Document 7 at 17. The Bookers contend that there are now four specific economic tests for confirmation in Chapter 13 of the Code:

(1) The best interests of the creditors test in 11 U.S.C. § 1325(a)(4);

(2) The feasibility test in 11 U.S.C. §1325(a)(6);

(3) The disposable income test in 11 U.S.C. § 1325(b); and

(4) The term or commitment period in 11 U.S.C. § 1322(d).

See id. at 19. According to the Bookers, these four provisions fully circumscribe the economic effort that a debtor must make in a Chapter 13 case, and there is thus little if any economic content to the good faith test. See id. However, the Court rejects the Bookers' argument that there is no longer economic considerations that factor into a good faith determination. Economic considerations in some form are present in almost every factor of the totality of the circumstances test. In its oral ruling, the bankruptcy court noted the imperfections of the totality of circumstances test, but also noted that it was the court who was best suited to make both the subjective and objective inquiry as to whether a plan conforms to the good faith inquiry. See id. at 26. Accordingly, reviewing the Bookers' argument *de novo*, the Court finds that economic considerations can be taken into account when determining good faith and the bankruptcy court applied the correct legal standard, the totality of circumstances.

### ii. Whether the Bankruptcy Court Correctly Applied the Totality of Circumstances Test.

Next, the Bookers argue that the bankruptcy court did not correctly apply the totality of circumstances test. As the Fifth Circuit indicated in In re Stanley, whether a bankruptcy court correctly applied the totality of circumstances test in determining good faith is reviewed for clear error. 224 F. App'x 343, 347 (5th Cir. 2007). Under the clear error standard, "as long as there are two permissible views of the evidence, courts will not find the factfinder's choice between competing views to be clearly erroneous. If the bankruptcy court's account of the evidence is plausible in light of the record viewed as a whole, courts will not reverse it." Id. at 347–48.

Although the bankruptcy court did not explicitly state that it was considering the individual factors listed above, "the Supreme Court has instructed that a court is not required to make a 'formulary statement' that it considered the relevant facts 'individually and cumulatively' in applying the totality of circumstances test." Id. at 347 (quoting Early v. Parker, 537 U.S. 3, 9, 123 S. Ct. 362, 365 (2002)). Rather, it will suffice that the "fair import" of the bankruptcy court's analysis is that it considered each factor and considered them all "*in toto.*" 224 F. App'x at 347.

In the present action, the bankruptcy court held a hearing concerning the first amended Chapter 13 plan. Specifically, the bankruptcy court questioned the good faith of the plan that resulted in the Bookers retaining the boat, the trailer, and the motor, which the Bookers valued at $1,500.00 while only paying unsecured creditors $600.00. See Record Document 3 at 26. The Bookers both testified that the boat was a necessity because the boat was utilized for fishing purposes as well as physical and mental health purposes. The fish they caught were a source of their food supply. After listening to the

Bookers' testimony and the arguments presented by their counsel, the bankruptcy court determined the amended plan was not submitted in good faith. In its oral ruling, the bankruptcy court cited to the fundamental fairness of the plan and noted that the totality of circumstances test is imperfect and does not provide certainty. The bankruptcy court in coming to its decision found that the Bookers' food budget was adequate because fishing does not require a boat. See id. The bankruptcy court noted that the Bookers were free to fish without a boat. See id. It is true that the Trustee did not believe the Bookers' first amended plan in which they retained the boat was submitted in bad faith. However, ultimately, the bankruptcy court held that given the circumstances and the court's position that it is the best determiner of the facts, the bankruptcy court concluded the plan was not proposed in good faith. See id. This Court too finds that the bankruptcy court was in the best position to make such a determination. Further, after review of the hearing transcript and the bankruptcy court's decision, the Court finds it was the "fair import" of the bankruptcy court's analysis that it considered each factor and considered them all "*in toto.*" 224 F. App'x at 347.

Accordingly, the Court finds that the bankruptcy court in viewing the record as a whole and being in the position of the trier of fact did not clearly err in finding that the first amended plan was not submitted in good faith nor did the court incorrectly apply the totality of circumstances test. Further, the bankruptcy court's experience in handling such matters should be noted. See In re McDonald, No. 14-11740, 2015 WL 1524096, at *1 (Bankr. W.D. La. Mar. 27, 2015) (finding that debtors' payment and retention of a encumbered four wheeler violate the confirmation standard of 11 U.S.C. § 1325(a)(3)). Although it is possible this Court may have decided the case differently, the clearly

erroneous standard of review "does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985). Accordingly, the Court determines that the bankruptcy court did not clearly err in finding that the first amended plan was not submitted in good faith nor did it misapply the totality of circumstances test.

### iii. Whether the Bankruptcy Court Used an Incorrect *Per Se* Approach in Denying the Plan.

The Bookers contend that the Bankruptcy Court developed an incorrect *per se* rule in finding the absence of good faith by the Bookers in submitting their Chapter 13 plan. The *per se* rule allegedly adopted by the bankruptcy court is that "[d]ebtors cannot pay a secured creditor to keep a boat, no matter how old or expensive, no matter how often utilized or important to the general health and welfare of the debtors, even if its paid with funds, [Social Security benefits], excluded from the analysis of disposable monthly income." Record Document 9 at 5 (Appellants' Reply Brief). Because the Court determined that the bankruptcy court did not clearly err in finding that the Bookers' first amended plan was not submitted in good faith, the Court need not address the Bookers' argument that the bankruptcy court created a *per se* rule.

## III. CONCLUSION

Based on the foregoing analysis, the Court holds that the bankruptcy court did not commit clear error in finding the first amended Chapter 13 plan was not submitted in good faith. Accordingly,

**IT IS ORDERED** that the bankruptcy court's ruling is **AFFIRMED**.

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of April, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT